Chief Justice Robertson,
delivered the opinion of the Court.
Garret sued Fowler, as endorser for .Lewis Sanders, for $5000, in consideration of that *682 sum, loaner! byGarret to Sanders. The loan was made in August, 1815, and 12 percent interest was reserved upon it. Successive notes were executed by Sanders, and endorsed by Fowler, each note being given in lieu of a preceding one, for the same consideration.. The last of these, bears date in May, 1817; and is* that which is the foundation of this suit.
Swearing the jury to try whereThere are two issues,is not
In such case, word “issue” collectively11 and a genera] verdict will to an1the'is-0 sues. '
Having obtained a judgment on this last note, against Sanders, and procured a capias ad satis-faciendum, to issue against him, which, at Fowler’s request, was not enforced, Garret brought this suit against. Fowler, as endorser.
Fowler filed two pleas:
1st. JVon assumpsit.
2nd. Á special plea,impeaching the note, by aver ring that it was given for an usurious consideration.
Issues were formed on each of these pleas, and the jury sworn “to try the issue” found a verdict for Garret. To reverse the judgment on which, Fowler has prosecuted a writ of error.
Swearing the jury to try the issue, when there arc. two issues is not error. The word “issue,” will be takcn collectively, and general verdict will be respon-sive to all the issues. Macky vs. Frequa, III. Call. 19-22; Hatcher vs. Fowler, I. Bibb. 337.
It was proved, that the usury had been paid, or that, if any part of it remained due, it was secured by a noJ,:e or n°tes, distinct from the note for the principal. and lhai when “the twoor three last notes” for the principal were given, nomore than sixpercent interest war reserve<^ consequently, the note sued on, contains no usury. The court instructed the jury, in effect, that, if they believed these facts, they should find for the: appellee; and the only question remaining for consideration is, whether this instruction was correct or not?
The case of Postlethwaile vs. Garret, (III. Monroe, 345.) is decisive, of this question. That case was, in every characteristic, precisely the parallel of this. If the doctrine of “purgation,” or of “repudiation” of üsury. properly applied to the case in III. Monroe,, it must, therefore, equally operate on this case.
When a note, tainted with usury, is merged in a *683 new note? which is not infected with any portion of the corruption, the vice which would have avoided the first, will not. affect the last. The new contract will be considered in effect, (whatever it may have been in form) as equivalent to a new loan. If, in such a case, usury had been paid, it might be recovered back; or if it liad not been paid, its payment might be withheld, and could not be coerced against the will of the obligor.
ífanote tainted with ceHed^nd0 the usury l>ail1 or seour-note given for the principa], jes®rvin¡? ínteres" thf ”ott73 infected with the usury of the prior note,
Hoggin and Bledsoe for plaintiff; Wickliffe and Wooley, for defendant.
But the fact, that usury had been paid, or reserved could not bar a recovery on a note given upon anew contract for the principal sum, reserving nothing more than the legal interest. If títere be no usury in the last contract, that in the first will not reach it. Usury vitiates only the contract in which it inheres. If the borrower pay to ttie usurious lender, his principal and excessive interest, and then, by a new contract, again borrow the principal on legal interest, the last loan is surely not tinged with usury.
If, instead of paying the principal, and illegal terest, the borrower pay only the latter, and oolam another loan of the principal, or a prolongation of the first loan, by a contract repudiating the usury, and reserving only six per cent interest, this last contract being founded on a sufficient consideration, and not being immoral or illegal,should uot be affected by the usury in a former contract, between the same parties. The usurer is not disqualified to make a new contract of loan with his borrower, provided it be purged of usury; and it will be cleansed if it contain no relics of the usury, and be uncontaminated by any understanding that more than legal interest shall be paid for forbearance.
In this case, it appears that there is no usury in the contract which is the foundation of the suit. No reservation, or payment of illegal interest, prior to the date of this last contract, cun make any impression on the last note which was given. This is not usurious. It is intrinsically sound and legal. It is only’for the principal sum originally loaned, and is washed from the staiu of usury.
Wherefore, the judgment of the circuit court is affirmed.